Singleton, Judge:
These three claims were filed respectively on November 14, 1967, March 8, 1968 and March 12, 1968, each against the Department of Mental Health, were consolidated without objection, and heard by this Court on May 16, 1968.
Claimant Borbely was the chief witness for himself and the other two claimants, both of whom testified briefly in corroboration of his testimony. Claimants were cross-examined by counsel for respondent, but no evidence was offered on behalf of respondent to dispute claimants’ testimony.
The evidence is uncontradicted that the Department of Mental Health, State of West Virginia, received a grant from the United States Department of Health, Education and Welfare, National Institute of Mental Health for the purpose of treating alcoholic patients at Spencer State Hospital during the years 1964 and 1965. It is equally clear that this grant was conditioned on the State of West Virginia providing an adequate follow-up program of treatment and therapy for these alcoholic patients after their discharge from the hospital. An additional grant of Ten Thousand Dollars was made by the Federal Government for payment of personal services for the professional, staff to conduct this follow-up program.
Claimants were each employed at Spencer State Hospital. They were professionally qualified and accepted by the National Institute of Mental Health to conduct the follow-up program. *130 With the consent of the Hospital Superintendent, and the Director of the Department of Mental Health, claimants, in their off-duty hours, did conduct this program by traveling to Parkersburg, West Virginia, and conducting therapy and other treatment on an out-patient basis. These facts are further corroborated by the documentary evidence submitted by the claimants. Each of the claimants made ten trips for these purposes, and the fee approved as payment for these services was Fifty Dollars per trip each for claimants, Earles and Byrd, and Sixty Dollars per trip for Dr. Borbely to be paid from the federal grant made for this particular follow-up program. These extra services rendered by claimants were un-related to their respective duties at Spencer State Hospital and not in diminution thereof, being performed in their “off-duty time.” (See Claimants’ Exhibit No. 1.) Requisitions for payment for these services from the federal grant in question were submitted by claimants to the Department of Mental Health, and were refused by the comptroller thereof on the ground that the state salary received by each was for a twenty-four hour working day. The evidence further discloses that the Director of Mental Health requested an opinion from the Attorney General of West Virginia on the question of legality of these payments, said request being dated April 9, 1965, but that no opinion was thereafter rendered or reply received to this request.
It also appears from the evidence that federal funds in the amount of $2,500.00 have continued to be made available to the Department of Mental Health for the payment of the services in question, and that an item in the amount of $1,600.00 appears in the Department expenditure schedule for fiscal 1967-68 for this purpose.
After consideration of all of the testimony and documentary evidence, this Court is of the opinion that these are valid claims against the State of West Virginia that in equity and good conscience should be paid. It is accordingly our judgment that the claimants be and they are hereby awarded the following amounts:
Norma Jean Byrd, Claim D-35 $500.00
Louis A. Earles, Claim D-64 500.00
Leslie J. Borbely, M.D., Claim D-63 600.00
*131 It is not clear to this Court if the federal funds available for payment of these respective awards are available and unencumbered in the budget of the Department of Mental Health for fiscal 1968-69. If such is the fact, and the Director of the Department of Mental Health so certifies, this Court recommends, and it is our judgment that these respective awards be paid under the payment procedure as authorized and set forth in Chapter fourteen, Article two, Section nineteen, of the Code of West Virginia, One Thousand Nine hundred Thirty-one, as amended. If such an unencumbered current appropriation does not exist in said Department budget for fiscal 1968-69, then this Court is of the opinion that these awards should be paid in accordance with the regular payment procedures for awards as outlined in Chapter Fourteen.